320 So.2d 79

**Leonard Frank THOMPSON, alias**

v.

**STATE.**

**I Div. 577.**

Court of Criminal Appeals of Alabama.

Oct. 1, 1975.

---

W. Mark Anderson, III, Montgomery, for appellant.

William J. Baxley, Atty. Gen., and William A. Davis, Asst. Atty. Gen., for the State.

SIMMONS, Supernumerary Circuit Judge.

Appellant-defendant, an indigent at nisi prius and here, was indicted for murder in the first degree and convicted therefor. The jury's verdict fixed punishment at life imprisonment.

Appellant's counsel (appointed) on this appeal asserts the testimony of the State's second witness, Katie May Franklin, should not have been adduced for that she was the common law wife of the defendant. Appellant cites the statutory inhibition which precludes such evidence unless the witness elects to testify after being informed of her rights not to do so. Title 15, § 311, reads:

"The husband and wife may testify for or against each other in criminal cases, but shall not be compelled so to do."

It appears from the record that the witness gave her name as Katie May Franklin; that she proceeded to testify at length on direct and cross examination and not once did she indicate or claim to be the wife, past or present, of defendant.

Toward the very end of her appearance on the stand as a witness, on redirect, in response to a question as to her relationship with defendant did she make the statement, "He used to be my common law husband."

For aught appearing, the witness did not know what facts or marital relationship were necessary to constitute a common law marriage.

The defendant, thereafter, did not offer any objection to the short concluding testimony of the witness on redirect. This testimony was in part redundant. Defendant concluded with a short recross examination.

The court was not informed until the answer, supra, that the witness ever claimed to have been defendant's wife under the law.

The defendant did not invoke any action or ruling of the court, nor did he make any motion to exclude the witness' testimony for that she had not been given an opportunity to assert her immunity from testifying.

We also note that this witness, in her answer, used the past tense, "used to be my

common law husband." No contention was made that she was then defendant's wife.

Under the circumstances, this belated statement as to her erstwhile marital relationship with defendant, in-action of defendant to obtain a ruling of the court, and the other circumstances, supra, we are unwilling to fasten error on the trial court.

Defendant's appellate counsel asserts no other contention of error. As we view the record, the trial was free of error and the judgment is due to be affirmed. It is so ordered.

The foregoing opinion was prepared by the Honorable Bowen W. Simmons, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Affirmed.

All the Judges concur.